UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY DEAN SMITH,

                Plaintiff,

                                     Case Number: 13-14172
v.                                   Honorable Victoria A. Roberts

MICHAEL P. HUERTA, Administrator,
Federal Aviation Administration,

                Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. 13)

**I.**       **INTRODUCTION**

Gregory Dean Smith ("Plaintiff") brought this action to appeal an order of the

Federal Aviation Administration ("FAA" or "Defendant").  Before the Court is Defendant's

Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.  This matter is

fully briefed; the Court waives oral argument under L.R. 7.1(e)(2).

Because Plaintiff failed to exhaust his administrative remedies, the Court does

not have jurisdiction to consider this action.

Defendant's Motion to Dismiss is **GRANTED**; Plaintiff's claims are **DISMISSED**.

**II.**       **BACKGROUND**

On April 29, 2013, the FAA served Plaintiff – a pilot for over 40 years – with an

emergency order revoking his Airline Transport Pilot Certificate, Flight Instructor

Certificate, and First Class Airman Medical Certificate ("Certificates"); the revocation

order was based on Plaintiff's alleged refusal to submit to a required drug test.  Under

the Pilot's Bill of Rights, Pub. L. 112-153, 126 Stat 1159 (2012), Plaintiff had a right to

appeal the emergency order to an Administrative Law Judge ("ALJ") of the National Transportation Safety Board ("NTSB") within 10 days of the date he was served, s*ee* 49 C.F.R. § 821.53(a); the emergency order clearly provided Plaintiff notice of this right. The deadline for Plaintiff to file an appeal was May 9, 2013.  Plaintiff did not timely appeal the emergency order.

On June 5, 2013, twenty-seven days after the deadline to appeal passed, Plaintiff – through counsel – filed with the NTSB: (1) a "Motion for Leave to File a Late Appeal, a Late Answer to the Administrator's Complaint and Request for Expedited Hearing and Brief in Support"; (2) an "Appeal and Answer to Complaint"; and (3) "Affirmative Defenses."  Plaintiff's motion for leave to file a late appeal, and his other filings, were assigned to NTSB Chief ALJ Alfonso J. Montano.  Rather than attempting to show that good cause existed for his failure to file a timely appeal, Plaintiff attempted to argue the merits of the FCC's order revoking his Certificates.

On June 14, 2013, Chief ALJ Montano entered an order: (1) finding that Plaintiff failed to establish the requisite good cause to permit an untimely appeal; (2) denying Plaintiff's motion for leave to file a late appeal; and (3) terminating the proceedings. Chief ALJ Montano did not consider the merits of the FCC's decision to revoke Plaintiff's Certificates.

On June 17, 2013, Plaintiff appealed Chief ALJ Montano's order to the full Board (NTSB); again, Plaintiff attempted to argue the merits of the revocation – without establishing good cause for the late appeal.  On August 1, 2013, the NTSB issued an opinion and order denying Plaintiff's appeal and affirming the ALJ's order; the NTSB said that it "strictly adheres to the standard of timeliness set out in [its] Rules, only

excusing procedural defects upon a showing of good cause." Like the ALJ, the full Board only addressed whether Plaintiff should be allowed to file a late appeal; it did not address the merits of the FCC's decision to revoke Plaintiff's Certificates.

On September 30, 2013, Plaintiff filed this action; he asks the Court to review the decision of the FAA to revoke his Certificates; he also asks the Court to review the NTSB's denial of his motion for leave to file a late appeal. On January 21, 2014, Defendant filed a Motion to Dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

## III.   DISCUSSION

"Federal Courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, ... which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Congress has long directed parties to exhaust administrative remedies before seeking relief from the federal courts, and when it does so by statute, the requirement cannot be excused." *Harkness v. United States*, 727 F.3d 465, 469 (6th Cir. 2013) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992)). Therefore, when exhaustion is required under a statute, the Court does not have jurisdiction until exhaustion has occurred. *See id.* "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy*, 503 U.S. at 144 (citation omitted).

Plaintiff challenges: (1) the FAA's emergency order revoking his Certificates, and (2) the NTSB's opinion and order denying his motion to file a late appeal; he says the Pilot's Bill of Rights provides the Court jurisdiction to review both of these matters.

Defendant says the Court lacks jurisdiction to consider either of the matters.

First, Defendant says that because Plaintiff failed to exhaust his administrative

remedies, the jurisdictional predicate for this Court's review of a revocation order – i.e.,

a decision by the NTSB upholding the FAA's emergency order of revocation – is not

present; therefore, Defendant says, the Court lacks jurisdiction to consider the merits of

the FAA's revocation order.  Additionally, Defendant says the Court does not have

jurisdiction to review the NTSB's order denying Plaintiff's motion for leave to file a late

appeal, because the Pilot's Bill of Rights provides that only a select few types of orders

are subject to judicial review, and a motion to file a late appeal is not one of them.

In pertinent part, the Pilot's Bill of Rights provides that:

> Upon a decision by the National Transportation Safety Board
> upholding an order or a final decision by the Administrator [of
> the FAA] ... imposing ... an emergency order of revocation
> under [49 U.S.C. §§ 44709(d) and (e)], an individual
> substantially affected by an order of the Board may ... file an
> appeal in the United States district court in which the
> individual resides or in which the action in question
> occurred....

126 Stat. at 1161, § 2(d)(1).  The Court must determine separately whether the statute

provides it jurisdiction to consider either of Plaintiff's challenges.

Based on the plain language of the Pilot's Bill of Rights, it is clear that the Court

does not have jurisdiction to review the merits of the FAA's revocation order.  Although

the FAA did "impos[e] ... an emergency order of revocation," the NTSB never

considered the order of revocation; instead, the NTSB – both the ALJ and full Board –

only considered whether to allow Plaintiff's motion for leave to file a late appeal, which

was never a matter before the FAA.  Thus, the decision by the NTSB is not one

4

"upholding an order or a final decision by the Administrator" that would allow Plaintiff to file an appeal in this Court.  *See id.*

In *Dexter v. Huerta*, 2013 WL 5355748 (M.D. N.C. Sept. 24, 2013), the court held that it did not have jurisdiction under the Pilot's Bill of Rights to consider an appeal of an NTSB ALJ's decision where the ALJ's decision was not appealed to the full Board.  The court found that "the Pilot's Bill of Rights requires the exhaustion of administrative remedies ... prior to judicial review of a revocation order"; specifically, the court found that "review by the full Board [w]as a predicate to judicial review."  *Id.*, 2013 WL 5355748, at *1, 3.  In so finding, the court stated that:

> If Plaintiffs' interpretation were adopted, the statute would allow an appeal directly from an order by an ALJ, and would cut the Board of the NTSB out of the appeals process entirely…. Plaintiffs' approach would undermine the authority of the NTSB and would deprive the courts of the technical expertise that the NTSB would apply to an appeal of an ALJ's decision. This Court does not believe that Plaintiffs' interpretation is a reasonable reading of the statutory language, nor would Congress have intended to remove the long-standing exhaustion requirement with such detrimental effects to the authority of the NTSB and to judicial efficiency.

*Id.* at *3.

Similarly, if Plaintiff was correct that the Court has jurisdiction to consider his challenge of the merits of the FAA's revocation order – where the NTSB (both the ALJ and full Board) never considered the matter – the Pilot's Bill of Rights would allow direct appeal of an FAA order, which would cut the NTSB entirely out of the appeal process and greatly diminish its relevance; individuals could circumvent review by the NTSB by filing a late appeal without good cause.  That interpretation is inconsistent with statutory language and the intent of Congress.

Accordingly, because Plaintiff failed to exhaust his administrative remedies –

such that the NTSB never reviewed nor upheld any order of the FAA – the Court does

not have jurisdiction to consider the merits of the revocation order.

In addition, the Court does not have jurisdiction to consider the NTSB's decision

denying Plaintiff's motion for leave to file a late appeal.  Under the plain terms of the

Pilot's Bill of Rights, a person may only appeal an NTSB decision "upholding an order or

a final decision by the Administrator *denying an airman certificate* ... or *imposing a*

*punitive civil action or an emergency order of revocation*...."  126 Stat. at 1161, § 2(d)(1)

(emphasis added).  A decision denying a motion to file a late appeal is not an order the

statute designates as one subject to judicial review; thus, the Court lacks jurisdiction to

review the NTSB's denial of Plaintiff's motion to file a late appeal.

## IV.   CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies, this action must

be dismissed for lack of jurisdiction.

Defendant FAA's Motion to Dismiss is **GRANTED**.  Plaintiff's action is

**DISMISSED**.

IT IS ORDERED.

> S/Victoria A. Roberts
> Victoria A. Roberts
> United States District Judge

Dated:  April 10, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 10, 2014.

S/Carol A. Pinegar
Deputy Clerk